Paul Spruhan
NAVAJO NATION DEPARTMENT OF JUSTICE
P.O. Box 2010
Window Rock, Arizona 86515
Telephone: (928) 871-6275
Fax: (928) 871-6177
paulspruhan@navajo.org

Attorney for Navajo Nation Labor Commission Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Red Mesa Unified School District; Cedar Unified School District,<br><br>                              Plaintiffs,<br><br>        v.<br><br>Sara Yellowhair; Helena Hasgood; Harvey Hasgood; Leticia Pete; and, Anslem Bitsoi, Casey Watchman, Peterson Yazzie, Woody Lee, Jerry Bodie, Victoria A. Dixon, Leffew R. Denny, and Evelyn Meadows, Current or Former Members of the Navajo Nation Labor Commission,<br><br>                              Defendants. | No. 3:09-cv-0871-PGR<br><br>**ANSWER** |

Defendants Anslem Bitsoi, Casey Watchman, Peterson Yazzie, Woody Lee, Jerry Bodie, Victoria Dixon, Leffew Denny, and Evelyn Meadows, collectively the Navajo Nation Labor Commission Defendants ("Defendants"), hereby file their answer to the Plaintiffs' Complaint.

1.  Defendants admit the allegations in Paragraph 1.

2.  Defendants admit the allegations in Paragraph 2.

3.  Defendants admit the allegations in Paragraph 3, except the allegation that Plaintiffs have

exhausted their tribal remedies, as that statement is a legal conclusion to which no response is required.

4.   Defendants admit the allegations in Paragraph 4, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Red Mesa School District operates within the boundaries of the Navajo Reservation due to Arizona's constitutional mandate to provide education for all Arizona's citizens.

5.   Defendants admit the allegations in Paragraph 5, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation  that Plaintiff Cedar Unified School District operates within the boundaries of the Navajo Reservation due to Arizona's constitutional mandate to provide education for all Arizona's citizens.

6.   Defendants admit the allegations in Paragraph 6.

7.   Defendants admit the allegations in Paragraph 7.

8.  Answering the allegations in Paragraph 8, Defendants admit that Defendants Watchman, Yazzie, Lee, Bodie, and Meadows are or were members of the Navajo Nation Commission at the relevant times, but deny that Defendants Bitsoi, Dixon, and Denny are or were members of the Commission at the relevant times.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Commission is similar to the federal Equal Employment Opportunity Commission.

9.   Paragraph 9 contains legal conclusions to which no response is required.

10.  Paragraph 10 contains legal conclusions to which no response is required.

11.  Answering the allegations in Paragraph 11, Defendants admit that Yellowhair was employed as the Business Manager at Red Mesa for the school year 2003-2004, but lack knowledge or information sufficient to form a belief about the truth of the allegation that she was

not a certificated administrator.

12.  Defendants admit the allegations in Paragraph 12.

13.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.  Defendants admit the allegations in Paragraph 15, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Red Mesa conducted a full investigation.

16.  Paragraph 16 contains legal conclusions to which no response is required.

17.  Defendants admit the allegations in Paragraph 17.

18.  Defendants admit the allegations in Paragraph 18.

19.  Defendants admit the allegations in Paragraph 19.

20.  Paragraph 20 contains legal conclusions to which no response is required.

21.  Answering Paragraph 21, Defendants admit that Defendant Yellowhair filed an Employment Charge with the Office of Navajo Labor Relations, but do not admit or deny that Yellowhair's remedy under Arizona law was statutorily-mandated and exclusive, as that statement is a legal conclusion to which no response is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Office of Navajo Labor Relations is similar to the Equal Employment Opportunity Commission.

22.  Defendants admit the allegations in Paragraph 22.

23.  Defendants admit the allegations in Paragraph 23.

24.  Defendants admit the allegations in Paragraph 24.

25.  Defendants admit the allegations in Paragraph 25.

26.  Defendants admit the allegations in Paragraph 26.

27.  Defendants admit the allegations in Paragraph 27.

28.  Defendants admit that the allegations in Paragraph 28.

29.  Paragraph 29 contains legal conclusions to which no response is required.

30.  Answering Paragraph 30, Defendants admit that the allegations, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the term "classified employees" means that the three employees had one-year contracts with Cedar Unified and were subject to different termination appeal procedures than Yellowhair.

31.  Defendants admit the allegations in Paragraph 31.

32.  Defendants admit the allegations in Paragraph 32 that the Notices of Recommendation were received and that they indicated that Hasgood, Hasgood, and Pete had accessed pornographic websites on a district computer, but Defendants lack knowledge or information sufficient to form a belief about the truth whether Hasgood, Hasgood and Pete actually had accessed such websites on a district computer.

33.   Defendants admit the allegations in Paragraph 33.

34.  Defendants admit the allegations in Paragraph 34.

35.  Defendants admit the allegations in Paragraph 35.

36.  Paragraph 36 contains legal conclusions to which no response is required.

37.  Defendants admit the allegations in Paragraph 37, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Hasgood, Hasgood and Pete were fully informed of the mandatory and exclusive statutory procedure to pursue a claim.  The statement that the procedure was mandatory and exclusive is a

legal conclusion to which no response is required.

38.   Defendants admit the allegations in Paragraph 38.

39.   Defendants admit the allegations in Paragraph 39.

40.   Defendants admit the allegations in Paragraph 40.

41.   Defendants admit the allegations in Paragraph 41.

42.   Defendants admit the allegations in Paragraph 42 except Defendants cannot admit or deny that the matter was governed by Arizona law, as that statement is a legal conclusion to which no response is required.

43.   Defendants admit the allegations in Paragraph 43.

44.   Paragraph 44 contains legal conclusions to which no response is required.

## COUNT ONE: DECLARATORY JUDGMENT

45.   Answering Paragraph 45, Defendants incorporate their answers to Paragraphs 1 through 44 as though fully set forth herein.

46.   Answering Paragraph 46, Defendants admit the allegations, except the allegation that Red Mesa and Cedar Unified are "interested parties" within the meaning of 28 U.S.C. § 2201, as that is a legal conclusion to which no response is required.

47.   Paragraph 47 contains legal conclusions to which no response is required.

48.   Defendants do not admit or deny Paragraph 48, as it contains no factual allegations.

## COUNT TWO: INJUNCTION

49.   Answering Paragraph 49, Defendants incorporate their answers to Paragraphs 1 through 48 as though fully set forth herein.

50.   Answering Paragraph 50, Defendants admit that unless preliminarily and permanently enjoined, Yellowhair and/or Hasgood, Hasgood and Pete and the Defendant members of the

Navajo Nation Labor Commission will proceed with their actions to adjudicate the claims.

Defendants cannot admit or deny that proceeding with the actions to adjudicate the claims would

be without jurisdiction over the subject matter of the claims, as the statement is a legal

conclusion to which no response is required.

51.  Defendants deny the allegations in Paragraph 51, but, to the extent that the allegations

call for a legal conclusion, no response is required.

52.  Defendants deny the allegations in Paragraph 52, but, to the extent that the allegations

call for a legal conclusion, no response is required.

The remainder of the Complaint is a prayer for relief, for which no response is required.

To the extent a response is deemed to be required, Plaintiffs are not entitled to any relief.

## **AFFIRMATIVE DEFENSE ONE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## **AFFIRMATIVE DEFENSE TWO**

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiffs'

claims and prayers for relief be denied and that the Defendants be awarded costs and fees and

such other relief as may be appropriate.

Dated this 22nd day of June, 2009.

Respectfully submitted,

s/ Paul Spruhan
Paul Spruhan
Navajo Nation Dept. of Justice
P.O. Box 2010
Window Rock, AZ 86515
Attorney for Navajo Nation
Labor Commission Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Georgia Staton, Eileen Dennis Gilbride, and Patrice Horstman


s/ Paul Spruhan
Paul Spruhan