Law Office of Frederick Lomayesva
P.O. Box 41808
Tucson, AZ 85717
(520) 722-3262 Telephone
(520) 207-4866 Facsimile
lomayesva@cox.net

By Frederick Lomayesva
Arizona State Bar No. 013729
Attorney for Defendants Helena &
Harvey Hasgood

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Red Mesa Unified School District; Cedar Unified School District, | Case No. CV-09-8071-PCT-PGR |
| Plaintiffs, | |
| v. | |
| Sara Yellowhair; Helena Hasgood; Harvey Hasgood; Leticia Pete; and Anselem Bitsoi; Casey Watchman, Peterson Yazzie, Woody Lee, Jerry Bodie, Victoria A. Dixon, Leffew R. Denny, and Evelyn Meadows, Current or Former Members of the Navajo Nation Labor Commission, | **ANSWER** |
| Defendants. | |

COMES NOW Defendants, Helena and Harvey Hasgood, by and through their attorney, and answers plaintiffs' complaint as follows:

1. Defendants admit the allegations in ¶¶ 1 through 10.

2. Defendants lack sufficient knowledge to form a belief about the truth of the allegations contained in Plaintiff's Complaint ¶¶ 11 through 29 and therefore deny the same.

3. Defendants admit the allegations contained in ¶¶ 30 through 35 and ¶¶ 37 through 43.

4. Defendants admit, in part, the allegation in ¶ 36, specifically the first two sentences, and denies the third sentence of ¶ 36.

5. Defendants deny the allegations contained in ¶ 44.

6. Defendants enter a denial to ¶¶ 45 through 52.

### AFFIRMATIVE DEFENSE

7. Plaintiffs have failed to exhaust tribal court remedies as to the underlying claims which are before the Navajo Nation Labor Commission in *Hasgood et. al. v. Cedar Unified School District*, NNLC No. 2005-028.

8. There have been no orders adjudicating the merits of the claims before the Commission although a full evidentiary trial was held on the claims raised. Should this Court determine that the merit of the underlying claims are essential to a determination of the tribal court's jurisdiction, then the Plaintiffs have failed to exhaust their tribal court

remedies by failing to allow the tribal court to make findings of fact at the fact finding level of the Navajo Nation Labor Commission. "[D]evelopment of a full record in a tribal court will promote the orderly administration of justice in the federal court." See *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985) Failure to allow the tribal court the opportunity to develop a full record is a violation of federal law.

## AFFIRMATIVE DEFENSE

9. The Plaintiffs are estopped from making new factual findings that could have been raised in the tribal court. The Plaintiffs were parties in the underlying tribal court action. The Plaintiffs were represented by competent counsel. The Plaintiffs were provided an opportunity to develop a factual record to support their position below. To allow the Plaintiffs to supplement the record or development facts not consistent with the findings of fact by the Navajo Nation Supreme Court deprives the tribal court evidence that could have allowed the Court to properly decide its jurisdiction. Plaintiffs are now estopped from developing facts that were not before the tribal court.

**WHEREFORE**, Defendants respectfully request that Plaintiffs' claims and prayers for relief be denied and the Defendants be awarded costs and fees and any other such relief as this Honorable Court deems just.

**RESPECTFULLY SUBMITTED** this 15th day of December, 2009.

/s/ Frederick Lomayesva
Attorney for Defendants Helena Hasgood and Harvey Hasgood

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2009, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Georgia Staton, Eileen Dennis Gilbride, and Patrice Horstman

/s/ Frederick Lomayesva
Frederick Lomayesva